## In re AMERICAN R. CO. OF PORTO RICO.

## In re COMPANIA DE LOS FERROCAR-RILES DE PUERTO RICO.

### Nos. 1788, 1789.

United States District Court
D. Puerto Rico.
March 20, 1952.

Mariano Acosta Velarde, Daniel Pellon Lafuente and Benicio Sanchez Castano, all of San Juan, Puerto Rico, for pension claimants.

Luis E. Dubon, of San Juan, Puerto Rico, for debtors and for Puerto Rico R. and Transport Co.

SNYDER, Acting District Judge.

This case is now before the Court on the mandate of the Court of Appeals for the First Circuit involving an appeal of certain claimants from a judgment of this Court disallowing appellants' claims for pensions from the American Railroad Company of Porto Rico. The Trustee contends that judgment should be entered only for pensions due as of June 15, 1950, the date of the final decree. The claimants contend that they are entitled to life pensions, payable monthly, in amounts stipulated by the parties.

The collective bargaining agreements obligating the Company to maintain a retirement system and which apply to the claimants, Vallejo v. American Railroad Company of Porto Rico, 1 Cir., 1951, 188 F.2d 513, *was an executory contract, never rejected by the Court,* section 116(1), Chapter X, Bankruptcy Act, *nor by the reorganization plan itself,* section 216(4), 11 U.S.C.A. §§ 516(1), 616(4).

The Plan of Reorganization states as follows: "Unless specifically disaffirmed or rejected by the District Court of Puerto Rico, the reorganized Company will assume all executory contracts heretofore entered into by the Trustee, or by the debtor corporations." The Final Decree provides that "The Puerto Rico Railroad & Transport Company shall then be considered to be the reorganized company under the Amended Joint Plan of Reorganization confirmed herein and said company shall then and there assume all executory contracts heretofore entered into by the Trustee or by the debtor corporation. The reorganized company shall also assume any final judgment that may be entered by the United States Circuit Court of Appeals for the First Circuit, or by the Supreme Court of the United States, as the case may be, pursuant to the appeal which has now been taken from the judgment of this Court in the matter of certain pension claimants whose claims were disallowed by this Court."

In the light of the forgoing provisions of the final decree, the Court cannot agree with the contention that the rights of these claimants died with the decree of June 15, 1950. Nor can the Court hold that claimants' pensions made their exit with the

**46**

American Railroad Company of Porto Rico. It is true that the termination of the affairs of the said company was complete and its Trustee as such no longer controls either its assets or the operations of the Company. But its successor company, the Puerto Rico Railroad and Transport Company, has assumed the obligations involved in the final judgment in this case. And those obligations are not simply for pensions until June 15, 1950, the date of the final decree, but rather are obligations to pay pensions for life in the amounts stipulated.

The Court of Appeals has held that claimants were covered by the pension plan, and that it was obligatory; it was not rejected, either by the Court or by the Plan; and, as an executory contract, it was specifically assumed by the reorganized company. Claimants' petitions are therefore granted and judgment will be entered against the successor company, the Puerto Rico Railroad and Transport Company, in accordance therewith.