**In the Matter of FLORIDA AIRLINES, INC., Debtor.**

**DOLPHIN LEASCO, INC., Plaintiff,**

v.

**Chris C. LARIMORE, Trustee, Defendant/Third Party Plaintiff,**

v.

**David STEMPLER and Southern International Airways, Inc., Third-Party Defendants.**

Bankruptcy No. 80–79.
Adv. No. 84–352.

United States Bankruptcy Court,
M.D. Florida,
Tampa Division.

Dec. 17, 1986.

Patti W. Massari, Tampa, Fla., for defendant/third party plaintiff.

Don M. Stichter, Tampa, Fla., for third-party defendants.

## ORDER ON MOTION FOR REHEARING OF FINDINGS OF FACT, CONCLUSIONS OF LAW AND MEMORANDUM OPINION

ALEXANDER L. PASKAY, Chief Judge.

THE MATTERS under consideration are a Motion for Rehearing of Findings of Fact, Conclusions of Law, and Memorandum Opinion filed by the Third-Party Defendants, David Stempler (Stempler) and Southern International Airways, Inc. (SIA) and a Motion for Rehearing filed by the Defendant/Third-Party Plaintiff, Chris C. Larimore, Trustee (Trustee) in the above-captioned adversary proceeding. Upon reconsideration the Court finds as follows:

The Trustee's Motion for Rehearing correctly recites that Dolphin Leasco, Inc., (Dolphin) bore the burden of proof at the final evidentiary hearing on the number and the complete description of each and every missing part from the two aircraft. A two-prong valuation was also required:

(1) establish the allowable claim of Dolphin; and

(2) establish the value of any claim of the Trustee against Stempler and SIA.

On March 28, 1985, this Court entered an order which unequivocally placed the burden of proof on valuation of the missing parts squarely on Dolphin. The Trustee also correctly recites that Dolphin's expert witness, Mr. Eddy, did not refer to the Cardex System while testifying on his valuation figures of the missing parts. Mr. Eddy specifically testified that his figures for parts, values and cost of installation were based on new or like new parts with no elapsed time thereon. Finally, the Trustee alleges that it would be inequitable for Dolphin to be allowed a second opportunity to prove its case and the Trustee claims extreme prejudice would result since it cannot produce an expert witness at a further evidentiary hearing on values. As a result, the Trustee seeks an Order Vacating and setting aside the Third Ordering Paragraph of this Court's Findings of Fact, Conclusions of Law and Memorandum Opinion, 64 B.R. 199, which would preclude the necessity of a further evidentiary hearing on values in this matter.

Stempler and SIA allege that this Court erred in three respects indicated as follows:

(1) It was error for the Court to conclude that Stempler breached any fiduciary duty to the Debtor's estate;

(2) It was error for the Court to conclude that the removal of parts from one aircraft to another was "carried on in order to benefit SIA, at the expense of the Debtor." (Opinion, at 6); and

(3) It was error for the Court to schedule a further evidentiary hearing to consider the question of damages for the following reasons:

(A) Dolphin had the responsibility to present whatever evidence that was available to it in support of its claim for damages;

(B) Dolphin had the burden of proof with regard to the value of the missing parts per this Court's Order entered on March 28, 1985; and

(C) Scheduling a further evidentiary hearing would be inequitable in this case, since the Cardex System was available to Dolphin at times material to this action, and Stempler and SIA should not be adversely affected by Dolphin's failure to present this evidence at the final evidentiary hearing.

The remedy sought by Stempler and SIA is, if in fact Dolphin failed to carry its burden of proof and prove its claim, to disallow the claim *in toto*.

It should also be noted that counsel for Dolphin moved *ore tenus* for a Motion for Rehearing and alleged this Court committed error in failing to award damages to Dolphin for "loss of use" of the two aircraft. The *ore tenus* Motion for Rehearing by Dolphin was untimely pursuant to Bankruptcy Rule 9023 (10 days to file motion) and, therefore, should be denied.

■ Upon further reconsideration, this Court is satisfied that Dolphin carried its burden of proof and there is sufficient evidence in the record to support a finding by this Court of the value of the missing parts from the two Martin aircraft. Dolphin, through the expert testimony of Mr. Eddy, provided value evidence with respect to the January 27, 1982, inventory (Plaintiff's Exh. # 3) which this Court rejected as being prepared with an eye toward litigation and, therefore, less reliable and credible. (Opinion, at 8). This Court previously held that for purposes of assessing damages and values for the missing parts, the November 18, 1981, inventory would be used. (Trustee's Exh. # 1). After a comparison of the two inventories of missing parts, this Court has used the uncontroverted values entered into evidence for the January inventory and used these values for the missing parts on the November inventory. As indicated earlier in this Court's prior opinion, the inventories had several discrepancies, and thus, for the missing parts on the January inventory which are not included on the November inventory—no value for missing parts will be assessed. Moreover, the value of the missing parts from the November inventory which had no value introduced into evidence from the January inventory will also not be assessed any value. Dolphin could have introduced evidence of value on both lists, but chose only to proffer evidence of value for those parts on the January inventory and accordingly must bear the consequences of their litigation strategy.

The Court is satisfied from the record and testimony of Mr. Eddy that only one part was proved to be missing from the Martin N255 aircraft; the primary compressor with a value of $15,000.00 and $2,000.00 for primary installation is the total amount of damages which shall be awarded for that aircraft. No inventory was furnished as to the Martin N255, but Dolphin did carry its burden as to the missing primary compressor.

The following list is a compilation of parts of the Martin N258 from the January inventory which were *not* contained in the November inventory, together with values, and these parts will not be assessed values for damages in this proceeding:

| | Parts | Replacement Value |
|---|---|---|
| 1. | Right Voltage Control Panel | 750.00 |
| 2. | Left Voltage Control Panel | 750.00 |
| 5. | Stabilizer Actuator Jack | 2,500.00 |
| 6. | Stabilizer Actuator Stop | 100.00 |
| 15. | Propeller Assembly | 5,000.00 |
| 17. | Propeller Anti-Ice Hardware | 450.00 |
| 19. | Propeller Reverse Control Box | 250.00 |
| 27. | ADI Pump | 750.00 |
| 28. | L.H. ADI Pressure Transmitter | 200.00 |
| 30. | ADI Filler Cap | 75.00 |
| 33. | Brush Block Contractor | 475.00 |
| 35. | Brush Block Brushes | 45.00 |
| 36. | Carburetor Mixture Stop L & R | 200.00 |
| 41. | Galley | 1,500.00 |
| 46. | Intercom Button | 35.00 |
| 47. | Primary Compressor (N255) | 15,000.00 |
| | TOTAL: | $28,080.00 |

The total sum for the values for the missing parts from the January inventory was $50,703.00. The discrepancies total $28,080.00 which must be subtracted from $50,703.00 which equals $22,623.00. The amount of $22,623.00 is the value assessed to the missing parts of the Martin N258 aircraft.

The next issue which must be determined is the amount which must be assessed for the primary installation of the new parts in the Martin N258. The January inventory totalled $89,383.26 for both parts and labor. The apportionment between parts and labor would be $50,703.00 for parts and $38,680.26 for labor. The value of the missing parts from the January inventory was reduced approximately by three-fifths and accordingly the labor should be reduced respectively. As a result, the amount for primary installation as calculated by this Court for the Martin N258 equals the sum of $15,472.14.

The total damage values for the two Martin aircraft as calculated from the evidence presented at the final evidentiary hearing by Dolphin are as follows:

| | Martin N255 | Value |
|---|---|---|
| 1. | missing parts | 15,000.00 |
| 2. | labor | 2,000.00 |
| | **Martin N258** | |
| 1. | missing parts | 22,623.00 |
| 2. | labor | 15,472.14 |
| | TOTAL: | $55,095.14 |

**264**

The final issue to be determined is whether or not the amount of $55,095.14 should be reduced by a reference to the Cardex System. Dolphin argues that the core value of 30% put forth by opposing counsel for Stempler and SIA and the Trustee is "smoke" and not really an issue involved herein. The core value only pertains to the value of used parts; the used parts (missing parts) went on the planes of Stempler and SIA and the core value is no longer relevant to the value of new parts needed to replace the missing parts. The Court, after clearing the smoke is satisfied that the core value of 30% is irrelevant to the damages involved herein. Furthermore, if reference to the Cardex System were applicable for the purpose of reducing the value of the new parts to a core value of 30% of the new value, then Stempler and SIA and the Trustee, while they had ample opportunity, failed to cross-examine Mr. Eddy, Dolphin's expert, by testing his testimony by a specific reference to the Cardex System which was available and present in the courtroom during the final evidentiary hearing.

Based on the foregoing, this Court upon reconsideration is satisfied that Dolphin carried its burden of proof and the evidence was sufficient to determine the value of the missing parts from the two Martin aircraft together with primary installation thereof. The Cardex System was irrelevant to this value determination since Stempler and SIA and the Trustee failed to use any of the information contained therein on cross-examination of Mr. Eddy, Dolphin's expert.

Accordingly, it is

ORDERED, ADJUDGED AND DE-CREED that the Motion for Rehearing filed by the Trustee be, and the same is hereby, granted and the Third Ordering Paragraph of this Court's Findings of Fact, Conclusions of Law and Memorandum Opinion is hereby vacated. It is further

ORDERED, ADJUDGED AND DE-CREED that the Motion for Rehearing of Findings of Fact, Conclusions of Law and Memorandum Opinion filed by Stempler and SIA be, and the same is hereby, grant-ed in part and denied in part. The motion is granted as it pertains to the scheduling of a further evidentiary hearing as the Third Ordering Paragraph of the Findings of Fact, Conclusions of Law and Memorandum Opinion is hereby vacated, but the Motion is denied in all other respects. It is further

ORDERED, ADJUDGED AND DE-CREED that the *ore tenus* Motion for Rehearing by Dolphin be, and the same is hereby, denied as untimely. It is further

ORDERED, ADJUDGED AND DE-CREED that Stempler and SIA be, and the same are jointly and severally liable for $55,095.14 to be paid by the estate of the Debtor to Dolphin. It is further

ORDERED, ADJUDGED AND DE-CREED that the Findings of Fact, Conclusions of Law and Memorandum Opinion entered on July 28, 1986 be, and the same is hereby, affirmed in all other respects.