**In the Matter of FLORIDA AIRLINES, INC., Debtor.**

**DOLPHIN LEASCO, INC., Plaintiff,**

v.

**Chris C. LARIMORE, Trustee, Defendant/Third Party Plaintiff,**

v.

**David STEMPLER and Southern International Airways, Inc., Third-Party Defendants.**

**Bankruptcy No. 80–79.**
**Adv. No. 84–352.**

United States Bankruptcy Court, M.D. Florida, Tampa Division.

April 14, 1987.

**65**

Patti W. Medearis, Tampa, Fla., for trustee, Chris C. Larimore.

William Zewadski, St. Petersburg, Fla., for Dolphin Leasco, Inc.

Cindy L. Turner, Tampa, Fla., for David Stempler and Southern Intern.

### ORDER ON DOLPHIN LEASCO, INC.'S MOTION TO TAX ATTORNEYS FEES

ALEXANDER L. PASKAY, Chief Judge.

THE MATTER under consideration is Dolphin Leasco, Inc.'s (Dolphin) Motion to Tax Attorney Fees filed by Dolphin, the Plaintiff in the above-captioned adversary proceeding. The Motion also seeks to tax costs. The Court has considered the Motion, together with the record, heard arguments of counsel, and finds as follows:

The issue involved herein is a determination of attorneys' fees, one of the elements of damages asserted in the administrative claim of Dolphin. This part of the claim arises from the lease of two Martin 404 aircraft under two written leases between Florida Airlines, Inc., the Debtor (Debtor) in the above-captioned case and Dolphin. After a two-day trial on December 11, 1985, and January 27, 1986, this Court entered Findings of Fact, Conclusions of Law and Memorandum Opinion on July 28, 1986. 64 B.R. 199. Subsequently, on December 17, 1986, 68 B.R. 261, this Court entered an Order on Motion for Rehearing of Findings of Fact, Conclusions of Law, and Memorandum Opinion and entered a Final Judgment in favor of Dolphin on December 23, 1986.

During the trial the parties stipulated that attorneys fees would be determined subsequently on motion. In the Findings of Fact, Conclusions of Law and Memorandum Opinion of July 28, 1986, this Court stated: "the parties agreed to address the elements of attorneys fees and costs claimed upon motion and hearing at a later date."

Dolphin maintains that attorneys fees should be available pursuant to the leases of the two Martin 404 aircraft which were entered into evidence at trial, and both leases are dated March 28, 1979. The language that Dolphin relies on from the leases is as follows:

In addition, Lessee shall be liable for all legal fees and other costs and expenses incurred by reason of the occurrence of any Event of Default or the exercise of Lessor's remedies, with respect thereto, including all costs and expenses incurred in connection with the return of any leased property in accordance with the terms of Section Six or in placing such leased property in the condition and airworthiness required by said section.

It is undisputed that the Trustee utilized these aircraft from the date of petition filing, January 14, 1980, through December 1, 1981, when the leases were rejected by operation of law. The Chapter 11 case was converted to a Chapter 7 case on September 10, 1981, and the Debtor continued to make minimum rent payments to Dolphin until the leases were rejected by operation of law.

Dolphin maintains that attorneys' fees are recoverable when the leases are "impliedly assumed" and performed throughout the Chapter 11 proceedings and thereafter between the Chapter 7 Trustee and Southern International Airways (SIA). Sections 365 and 1110 of the Bankruptcy Code govern the assumption of executory contracts or unexpired leases of aircraft. A breach of such lease after assumption gives rise to an administrative expense pursuant to § 503(b) of the Bankruptcy Code. The Trustee maintains that Dolphin is not entitled to recover attorneys fees and costs, or in the alternative, that if fees and/or costs are awarded, they are not entitled to administrative expense priority.

■ It is clear that when a lease is assumed during a Chapter 11 case and then converts to one under Chapter 7 that all the elements of damages are entitled to an administrative expense priority. *In re Multech Corp.*, 47 B.R. 747 (Bankr.N.D. Iowa 1985). In this case, however, there is one critical difference which defeats Dolphin's administrative claim. The two Martin 404 aircraft leases, as is evident from the record, were not assumed during the Chapter 11 case, and thus, the subsequent rejection by operation of law was *not* a breach of an assumed lease. Moreover, Dolphin cannot argue that the Trustee is estopped from maintaining that the lease was not assumed. The mere payment by a Debtor-in-Possession of the monthly charges under the two leases does not constitute a tacit assumption of the lease. Court approval is required for the assumption or rejection of any executory contract or unexpired lease. *In re Bastian Company, Inc.*, 45 B.R. 717 (Bankr.W.D.N.Y. 1985).

Based on the foregoing, it is evident that there was no assumption of the two leases by the Debtor-in-Possession. The lease was rejected by Order of this Court entered on December 1, 1981, after the case was converted to Chapter 7. Pursuant to § 365(g)(1) of the Bankruptcy Code, a rejection under these circumstances relates back and constitutes a breach immediately before the date of filing the petition. Since the breach of the unassumed lease relates back to a time immediately prior to the filing of the petition, the attorney fees and costs which were incurred by Dolphin were not necessary to the preservation of the estate, and thus, are not entitled to an administrative expense priority under § 503(b)(1)(A) of the Bankruptcy Code. *See In re Cardinal Export Corp.*, 10 B.C.D. 1031 (Bankr.E.D.N.Y.1983). Consequently, the attorneys' fees sought by Dolphin in the amount of $24,215.50 should be denied.

Dolphin also requests costs in the amount of $1,888.90. This Court finds that the costs should be awarded to Dolphin in the amount of $1888.90, which shall be allowed as a general unsecured claim.

Accordingly, it is

ORDERED, ADJUDGED AND DECREED that Dolphin Leasco, Inc.'s Motion to Tax Attorneys Fees be, and the same is hereby, denied in part and granted in part. It is further

ORDERED, ADJUDGED AND DECREED that the attorneys fees requested by Dolphin Leasco, Inc. be, and the same are hereby, denied. It is further

ORDERED, ADJUDGED AND DECREED that the costs requested by Dolphin Leasco, Inc. be, and the same are hereby, granted in the amount of $1,888.90.