# RESCRIPT OPINIONS.

BENITA B. PEMBERTON *vs.* NORMAN B. PEMBERTON. January 3, 1980.
The defendant appeals from certain orders of a single justice of this court
which were sought by the plaintiff as ancillary to her appeal from
judgments entered in Probate Court upon petitions for modification of a
divorce decree and for contempt. The facts, procedural history, the issues
on appeal, and the orders in question are fully set out in *Pemberton* v.
*Pemberton, ante* at 9, 11-14. As discussed at length therein, the trustee
bank agreed to make certain payments for the benefit of the minor
children of the parties from the assets of the so-called spendthrift trust
created by the defendant's father, by exercising its discretion to do so
under the provisions of the amended trust agreement. This discretionary
act of the trustee bank in no way enlarges the power of a single justice to
order such payments; nor does it confer on him the authority to amend a
judgment of a Probate Court by specifying the manner in which support
payments shall be made in the future, nor the authority to determine the
means of execution of judgments of such a court. Although the plaintiff
refers us to several statutes to support her contention that the single justice
does have such authority, we find no support for her proposition in any of
the sections cited and find it unnecessary to elaborate upon them in detail.
The "powers of amendment of the court below . . . and . . . power to
render any judgment and to make any order that ought to have been
made upon the whole case" (G. L. c. 231, § 125, as appearing in St. 1973,
c. 1114, § 204), rest solely with a panel of "[t]hree justices [who] consti-
tute a quorum to decide all matters required to be heard by the appeals
court." G. L. c. 211A, § 3. A single justice may "not . . . determine an
appeal." Mass.R.A.P. 15(c), 365 Mass. 860 (1974). Similarly, the power
"to carry into execution its judgments" belongs to "[t]he appeals court"
and not a single justice of the court. G. L. c. 211A, § 5. Nor does
Mass.R.Civ.P. 69, 365 Mass. 836 (1974), change this result. See *Geehan*
v. *Trawler Arlington, Inc.,* 371 Mass. 815, 817-818 (1977) (trial judge can
grant Rule 69 motion against nonparty; note also that the *full bench* of the
Supreme Judicial Court, and not a single justice, reversed the order deny-
ing the plaintiff's Rule 69 motion). Moreover, it is the Appeals Court,
and not a single justice thereof, which possesses the statutory authority to
reverse or affirm, in whole or in part, any judgment of the Probate Court.
G. L. c. 215, § 28, as appearing in St. 1975, c. 400, § 64. An appeal from

a judgment of a Probate Court is to "the appeals court" and not to a single justice. G. L. c. 211A, § 10. G. L. c. 215, § 9, as appearing in St. 1975, c. 400, § 57. To that body is reserved the discretionary ability to direct issues or questions in a civil proceeding to be tried before a judge, who may "ascertain . . . all the facts both as to liability and damages." G. L. c. 231, § 124, as appearing in St. 1973, c. 1114, § 204. The other statutes upon which the plaintiff relies either grant no authority to the Appeals Court, or do not authorize orders of this scope. See generally G. L. c. 204, § 14; G. L. c. 211, § 3, as amended by St. 1973, c. 1114, § 44; G. L. c. 214, § 3, as appearing in St. 1973, c. 1114, § 62; G. L. c. 215, §§ 23, 24, the latter as appearing in St. 1975, c. 400, § 63. Finally, Rule 2:01 of the Appeals Court, 1 Mass. App. Ct. 896-897 (1972), and the statutes enumerated therein, do not confer the authority to make the orders objected to in this case. While a single justice may issue an "order suspending, modifying, restoring or granting an injunction during the pendency of an appeal," Mass.R.A.P. 6(a), 365 Mass. 848 (1974), and may condition this relief upon "such reasonable terms as the . . . single justice may impose," Mass.R.A.P. 6(c), *supra* at 849, the broad orders issued here exceed that limited authority to protect the interests of the parties pending an appeal. As we find no other basis to support his actions, the orders of the single justice appealed from are reversed.

*So ordered.*

*Daniel F. Featherston, Jr.,* for Benita B. Pemberton.
*Edward E. Kelly* for Norman Pemberton.