In re Arnold G. SANDERS, Gaynell Sanders, Debtors.

James D. WALKER, Jr., Plaintiff,

v.

GUY F. ATKINSON COMPANY OF CALIFORNIA, Arnold G. Sanders, Gaynell Sanders and Bank of California, N.A., Defendants.

Bankruptcy No. 186–00915.
Adv. No. 187–0060.

United States Bankruptcy Court,
S.D. Georgia,
Augusta Division.

July 18, 1988.

James D. Walker, Jr., Mary G. Colley, Surrett, Walker, Creson & Colley, P.A., Augusta, Ga., for plaintiff/movant.

Ted H. Clarkson, Knox & Zacks, P.C., Augusta, Ga., for Guy F. Atkinson Co. of California and Bank of California, N.A.

Terrance P. Leiden, Augusta, Ga., for Arnold G. Sanders and Gaynell Sanders.

## MEMORANDUM AND ORDER

JOHN S. DALIS, Bankruptcy Judge.

James D. Walker, Jr., trustee in the underlying chapter 7 case filed this adversary proceeding pursuant to 11 U.S.C. § 542 seeking turnover of property. At the call of this case for trial, counsel for the parties stated that there were no factual issues in dispute and that this matter could be submitted on a stipulation of facts and briefs. There is some abiguity as to what precisely the parties have stipulated. The focus of this action is on the corpus of funds that Mr. Arnold G. Sanders has acquired an interest in through his employment. However, the stipulations often refer simply to "debtor". Since there are two debtors here, the potential for misunderstanding exists. Nevertheless, when the stipulations are read as a whole, it is apparent that where the parties use the word "debtor" they are referring to the debtor Arnold G. Sanders. The parties have stipulated to the following:

1. On September 24, 1986 the debtors, Arnold G. Sanders and Gaynell Sanders filed their petition for relief under Chapter 7 of the Bankruptcy Code bearing case number 186–00915.

2. James D. Walker, Jr. is the duly appointed trustee in the bankruptcy proceeding.

3. At the time of the bankruptcy petition, the debtor Mr. Sanders was employed by Walsh Construction Company, a division of Guy F. Atkinson Company of California, (Atkinson).

4. At the time of the petition, the debtor worked for Walsh Construction Company in Waynesboro, Georgia.

5. At the time of the filing, Mr. Sanders had an interest in a retirement investment plan with Atkinson.

6. As of September 30, 1986 the debtor was 100% vested in his employee contribution account with the retirement investment plan, and his interest in the employee contribution account at such time was valued at approximately Twelve Thousand Eight Hundred Eighteen and 77/100 ($12,818.77) Dollars. The debtor had no vesting in the employer contributions.

7. The debtor had, in addition to the retirement investment plan, a retirement stock plan with Atkinson at the time of the filing.

8. The debtor was 100% vested in his employee contribution account in such retirement stock plan. At the time of filing the debtor's interest consisted of 363 shares of stock and Two Hundred One and 45/100 ($201.45) Dollars cash. The debtor had no vesting in the employer contributions.

9. At the time of the filing, in addition to the two aforementioned plans the debtor was a participant in the Atkinson Pension Plan; however, that interest was not vested.

10. The contributions toward the Atkinson Pension Plan were provided solely by the debtor's employer, Atkinson.

11. All funds and assets of the foregoing plans were held by Bank of California, N.A., as trustee.

12. All funds, stocks, and any other assets comprising the retirement investment plan, stock plan, and pension plan are in the possession of the Bank of California, N.A.

13. The debtor is still employed by Walsh Construction Company, a division of Atkinson.

14. The debtor was first employed by the company on December 16, 1982 and first enrolled in the foregoing plans on January 1, 1983.

15. The debtor's date of birth is June 17, 1945.

16. In addition to the foregoing stipulations the parties have submitted photostatic reproductions of the three relevant plans. From these plans the following facts are discernible:

(a) The plans are settled and intended to be interpreted according to the laws of the State of California.

(b) The Atkinson Pension Plan is a qualified plan under the Employee Retirement Income Security Act of 1974 (E.R.I.S.A.), 29 U.S.C. § 1001 et seq.

(c) The Atkinson Stock Plan and the Atkinson Retirement Investment Plan are qualified plans under § 401(a) of the Internal Revenue Code, 26 U.S.C. § 401(a).

(d) All three plans contain language prohibiting the assignment or alienation of benefits under either E.R.I.S.A. or the 401 plans as is required to obtain the plan's potential federal tax advantages. In pertinent part the plans' language states:

The interest or property rights of any person in the Plan, in the Trust Fund established pursuant to the Plan or in any payment to be made under the Plan shall not be optioned, anticipated, assigned (either at law or in equity), alienated or made subject to attachment, garnishment, execution, levy (including a federal tax levy), other legal or equitable process, or bankruptcy and any act in violation hereof shall be void. Notwithstanding the foregoing the creation, assignment, or recognition of a right to all or a portion of the Participant's Plan Benefit pursuant to a domestic relation order shall not constitute a violation of the section ...

Atkinson Retirement Stock Plan, Section 12(a) at p. 18; Atkinson Pension Plan, Section 11(c) at pp. 18–19; Atkinson Retirement Investment Plan, Section 9(a) at p. 17.

(e) Mr. Sander's participation in these stock and retirement plans is wholly voluntary and is not a condition of his continued employment.

(f) Upon cessation of employment with Atkinson, Mr. Sanders would be entitled to immediate possession of the vested contributions to these plans.

(g) Mrs. Sanders, as spouse, is the co-beneficiary of the plans and her interests may not be assigned to another individual without her consent.

(h) The spouse's interest is subject to complete defeasibility since Mr. Sanders, the employee, would be entitled to the entire vested contributions should he cease employment with Atkinson.

(i) Additionally, should Mr. and Mrs. Sanders divorce, Mrs. Sanders would lose her status as co-beneficiary.

Two issues are presented to this court for resolution.

1. Is the debtor's vested interest in the retirement investment plan and retirement stock plan property of the estate subject to turnover within the meaning of 11 U.S.C. § 541 and § 542?

2. If so, to what extent is this vested interest exemptible by the debtors under available exemption statutes?

With the enactment of 11 U.S.C. § 541(a), Congress intended that a very broad range of bankruptcy debtor's property interests become property of the estate. *U.S. v. Whiting Pools, Inc.*, 462 U.S. 198, 103 S.Ct. 2309, 76 L.Ed.2d 515 (1983). As a general rule, property of the estate includes a debtor's interest in property, regardless of any agreement or applicable non-bankruptcy law which restricts the alienability of the debtor's interest in the property. 11 U.S.C. § 541(c)(1). The Bankruptcy Code does, however, provide one narrow exception that recognizes restrictions on alienability and excludes such property from the bankruptcy estate. Bankruptcy Code section 541(c)(2) provides:

(2) A restriction on the transfer of a beneficial interest of the debtor in a trust that is enforceable under applicable non-bankruptcy law is enforceable in a case under this title.

In interpreting the intent of Congress in enacting 11 U.S.C. § 541(c)(2), the Court of Appeals for the Eleventh Circuit has held that "applicable non-bankruptcy law" means the law of spendthrift trusts in the relevant state jurisdiction. *In re Lichstrahl*, 750 F.2d 1488 (11th Cir., 1985), *see also, Goff v. Taylor*, 706 F.2d 574 (5th Cir., 1983); *Daniel v. Security Pacific National Bank*, 771 F.2d 1352 (9th Cir., 1985). If an E.R.I.S.A. or § 401(a)—qualified plan is to have its alienation restrictions respected in a bankruptcy proceeding, the plan must meet the requirements of state spendthrift trust law as well as the requirements of E.R.I.S.A. or § 401(a).

■ As the plan must meet the requirement of state spendthrift trust law, this court must decide the applicable state law. The plans under consideration, Atkinson Retirement Investment Plan section 9(k) at page 24 and Atkinson Retirement Stock Plan section 12(j) at page 24 provide "this plan shall be construed and enforced according to ERISA and, to the extent applicable, according to the law of the State of California." The trusts were created in California and are being administered by a California trustee, Bank of California, N.A. Where a trust specifically designates the state of controlling law and where such state is also the state where the trusts were created and are administered, such state law should be applied. *Matter of Hecht*, 54 B.R. 379 (Bankr.S.D.N.Y., 1985). See generally, *Spindle v. Shreve*, 111 U.S. 542, 4 S.Ct. 522, 28 L.Ed. 512 (1883); *In re Vogel*, 16 B.R. 670 (Bankr.S.D.Fla., 1981); *In re Dolard*, 275 F.Supp. 1001 (C.D.Cal., 1967). The relevant spendthrift trust law in this instance is the law of the State of California.

The controlling statutory provision of California spendthrift trust law is set forth in California Probate Court Code § 15304, which provides in part:

(a) If the settlor is a beneficiary of a trust created by the settlor and the settlor's interest is subject to a provision restraining the voluntary or involuntary transfer of settlor's interest, the restraint is invalid against transferees or creditors of the settlor. The invalidity of the restraint on transfer does not affect the validity of the trust ...

In California, an attempt to settle a spendthrift trust for the benefit of oneself is invalid, notwithstanding an absence of fraudulent intent. *McColgan v. Walter Magee, Inc.*, 172 Cal. 182, 155 P. 995 (1916). Public policy prohibits an individual from encumbering his property in such a way as to prevent creditors from reaching it. *Nelson v. California Trust Company*, 33 Cal. 2d 501, 202 P.2d 1021 (1949). For purposes of California law, a settlor is anyone who provides consideration for the trust. *McColgan, supra*.

Defendants, Atkinson and Bank of California, N.A., maintain that the key determinative of a self-settled trust is the degree of control and dominion the settlor-beneficiary has over the corpus. In this instance, these defendants maintain that the debtor

never had sufficient control and dominion to qualify this as a self-settled trust. The provisions of the various plans under consideration were adopted long before Mr. Sanders became eligible to participate, he had no input into the drafting of the plan provisions, he has no input into the plan's management, nor in any other aspect of the administration of the plans that would normally be associated with a trust settlor. In these defendants' view, the line of cases holding that certain E.R.I.S.A.-§ 401(a) qualified plans were property of the estate in a bankruptcy setting can be distinguished by the high degree of control the beneficiaries of the plans had over the creation and management of the plans. According to these defendants, the fact that Mr. Sanders contributed to the stock and investment plans is merely incidental since defendant Atkinson contributed portions of the corpus of the stock and investment plans and the entirety of the pension plan.

Defendants' position that Mr. Sanders is not the settlor of these trusts is incorrect. Mr. Sanders did not set up the provisions of the plan, nor does he manage them; however, his participation in the plan is completely voluntary and his continued employment with defendant Atkinson is not conditioned on participation. By voluntarily participating in the plans, Mr. Sanders has adopted the plan provisions and the terms of their management. The critical factor is not whether Mr. Sanders designed the specifics of the various plans, but whether he voluntarily chose to participate, thereby adopting the plan as his own which he did. Moreover, Mr. Sanders has control over the trust in a very real sense in that he has the right to immediate access to all vested contributions at the time he leaves Atkinson's employ. To the extent that his contributions make up the corpus of the trust, he is the settlor of the trust. The issue of whether Mr. Sanders is the settlor of the trust as to the employer's contribution is not before the court. Under the stipulation of facts, at the time of the filing of the debtor's petition for relief, no portion of the employer's contribution had vested with Mr. Sanders. As Mr. Sanders had no vested interest in the employer's contribu-

tion, the estate created upon the filing for relief had no claim to the employer's contribution.

■ Defendants, Atkinson and Bank of California, N.A. are correct that an E.R.I.S.A.—qualified plan may be a valid spendthrift trust and hence enforceable in bankruptcy. *See, In re White*, 61 B.R. 388 (Bankr.W.D.Wash.1986). By the same token, a profit-sharing plan qualified under Internal Revenue Code (I.R.C.) § 401(a) may be excluded from the estate if it qualifies as a spendthrift trust. See, *Daniel*, supra. A trustee as a matter of law is not entitled to judgment requiring turnover simply because the plans in question are qualified under E.R.I.S.A. or I.R.C. § 401(a). These particular plans, as a matter of fact, are not spendthrift trusts under the law of California.

Defendants, Atkinson and Bank of California, N.A. final argument that the plans in question are not property of the estate is based upon public policy considerations. From a public policy standpoint this case does raise competing considerations. The broad and far reaching definition of property of the estate under 11 U.S.C. § 541 is designed to maximize the assets available for the payment of claims against the estate in a bankruptcy proceeding. The policy in establishing E.R.I.S.A. and I.R.C. § 401(a) plans is to encourage individual savings for retirement. The overall impact of a ruling of this court is always to be considered, but the plain language of the Bankruptcy Code and controlling precedent cannot be ignored. Congress in drafting the provisions of 11 U.S.C. § 541 intended that the scope of this code provision be broad, to include all kinds of property, both tangible and intangible. H.R.Rep. No. 95–595, 95th Cong., 1st Sess. 367–68 (1977); S.Rep. No. 95–989, 95th Cong., 2d Sess. 82–83 (1978), U.S.Code Cong. & Admin. News 1978, p. 5787. Section 541(c)(2) is narrowly drawn to preserve restrictions on the transfer of a spendthrift trust to the extent that the restriction is enforceable under applicable non-bankruptcy law. H.R.Rep. No. 95–595, 95th Cong. 1st Sess. 369 (1977), U.S.Code Cong. & Admin.News

1978, p. 5787 the Committee Report; 124 Cong. Rec. H11096 (Dailey Ed. Sept. 28, 1978); S17413 (Dailey Ed. Oct. 6, 1978); (remarks of Rep. Edwards and Sen. DeConcini). See also, *In re Lichstrahl* and *Goff,* both *supra.* These defendants argue that a determination by this court that the plans in question do not meet the definition of a spendthrift trust thereby requiring turnover would have disastrous affects upon innocent third parties. These defendants refer to an Internal Revenue Service letter ruling which in essence maintains that compliance with a bankruptcy court order demanding turnover of funds destroys the tax benefits of 401 plans. *IRS Letter Ruling 8131020,* May 5, 1981.

The authority cited by defendants, Atkinson and Bank of California, N.A. is a letter ruling setting forth Internal Revenue Service agency policy and is not an authoritative decision from a court deciding a case in controversy on its merits. There is no decision supporting this letter ruling and the ruling reflects the agency's view of the tax consequences of complying with a court order directing turnover. Whether the Internal Revenue Service is correct will require a decision in another forum. Moreover, the publication wherein the letter ruling is printed notes that the ruling carried the stamped legend "This document may not be used or cited as precedent. Section 6110(j)(3) of the Internal Revenue Code." See, *Federal Tax Rulings (CCH)* ¶ 17,373B. The persuasiveness of the letter ruling is diminished where the Internal Revenue Service will not consider itself bound by its own ruling. Under the facts in this case, the contributions made by Mr. Sanders to the Atkinson Stock and Investment Plans are property of the estate and subject to turnover under the provisions of 11 U.S.C. § 541 and § 542.

■ The remaining issue for consideration is the extent to which the debtors may exempt all or a portion of Mr. Sanders'

contribution to the Atkinson Stock and Investment Plans from the estate. At the time of filing of the underlying Chapter 7 proceedings, the debtors were residents of the State of Georgia. Pursuant to 11 U.S. C. § 522(b) Georgia has elected to opt out of the federal exemption provisions available under 11 U.S.C. § 522(d) and has established its own exemption limitations codified at Official Code of Georgia Annotated (O.C.G.A.) § 44–13–100. The defendants, Mr. and Mrs. Sanders maintain that under the Georgia exemption statute they may exempt the entirety of their interest in the plans under consideration. Contrastingly, the trustee, plaintiff, takes the position that Mr. Sanders may exempt not more than Five Thousand Four Hundred and No/100 ($5,400.00) Dollars under the provisions of O.C.G.A. § 44–13–100(a)(1) and (a)(6) and that Mrs. Sanders has no exemption available.[1]

Defendants, Mr. and Mrs. Sanders rely upon the provisions of O.C.G.A. § 44–13–100(a)(2.1) which provides that a debtor may exempt

(2.1) The debtor's aggregate interest in any funds or property held on behalf of the debtor, and not yet distributed to the debtor, under any retirement or pension plan or system:

(A) which is: (i) maintained for public officers or employees or both by the State of Georgia or a political subdivision of the State of Georgia or both; and (ii) financially supported in whole or in part by public funds of the State of Georgia or a political subdivision of the State of Georgia or both; or

(B) which is: (i) maintained by a nonprofit corporation which is qualified as an exempt organization under Code Section 48–7–25 for its officers or employees or both; and (ii) financially supported in whole or in part by funds of the nonprofit corporation,

**1.** O.C.G.A. § 44–13–100(a)(1) and (a)(6) provides in pertinent part:

(1) The debtor's aggregate interest, not to exceed $5,000.00 in value, in real property or personal property that the debtor or a dependent of the debtor uses as a residence ...

(6) The debtor's aggregate interest, not to exceed $400.00 in value plus any unused amount of the exemption under paragraph (1) of this subsection, in any property.

(C) to the extent permitted by the bankruptcy laws of the United States similar benefits from the private sector of such debtor shall be entitled to the same treatment as those specified in (A) and (B) provided that the exempt or non-exempt status of periodic payments from such retirement or pension plan or system shall be as provided under subparagraph (E) of paragraph (2) of this subsection.

Unfortunately, for these debtor/defendants, this code provision was enacted during the 1988 Georgia legislative session. As previously stated, the underlying chapter 7 proceeding was filed September 24, 1986. The estate was created upon the filing of the petition for relief and under the provisions of 11 U.S.C. § 541 such estate was comprised of the property of the debtor as defined in that code section including, Mr. Sanders' contributions in the aforementioned plans. The exemptions available to the debtors were those exemptions available under applicable Georgia law at the time of the filing. The exemption created by the Georgia legislation in 1988, however, was not even effective until July 1, 1988. See, *Summary of General Statutes Enacted at the 1988 Session of the General Assembly of Georgia* Leg. Services Comm.–Off. Leg. Counsel at p. 87 (1988). There is no indication in the Act that it is designed to operate retrospectively for those bankruptcies filed prior to the Act's effective date.

Under the provisions of O.C.G.A. § 44–13–100(a) in force at the time of the debtors' filing, no general exemption existed for the entirety of an E.R.I.S.A.–§ 401 qualified plan. At best, a debtor would have been entitled to exempt payments under a retirement plan to the extent reasonably necessary for their support. See, O.C.G.A. § 44–13–100(a)(2)(E).[2] Under the facts of the present case, a payment is not what is involved here. The issue here is the corpus of the plans. Therefore, under the provisions of the Georgia exemption statute available at the time of the debtor's filing, no specific exemption existed for any vested interest of the debtor in an E.R.I.S.A.–§ 401(a) qualified plan.

In the plans under consideration, Mrs. Sanders is the secondary beneficiary and a right to receive any proceeds of the plan is subject to complete defeasement through divorce or upon the termination of employment of Mr. Sanders with Atkinson and receipt of the entire vested interest directly by Mr. Sanders. Under the terms of the plans, Mrs. Sanders has no right to prevent her spouse from terminating employment and disposing of the funds as he sees fit, nor does Mrs. Sanders remain the secondary beneficiary of the plans in the event of divorce. Under the terms of the plans, Mrs. Sanders could share in the amount of the corpus pursuant to a property settlement in the context of a divorce decree, but that does not vest her with an inchoate right to a share of the proceeds as they exist at any time, only the amount available upon dissolution of the marriage. At best Mrs. Sanders has an expectancy, not unlike that of a presumptive heir at law. She possesses no present legal or equitable property interest in the corpus of the plans and no property interest to exempt.

As the plaintiff/trustee concedes that $5,400.00 of the debtor Mr. Sanders' interest in the vested portion of the corpus of the plans is exemptible under O.C.G.A. § 44–13–100(a)(1) and (a)(6), it is ordered that plaintiff, James D. Walker, Jr., Trustee, recover against all defendants in the sum of Seven Thousand Six Hundred Ten and 22/100 ($7,610.22) Dollars representing debtor-defendant Arnold G. Sanders' interest in his employee contribution account with the Atkinson Retirement Investment Plan in the amount of Twelve Thousand Eight Hundred Eighteen and 77/100 ($12,818.77) Dollars and Mr. Sanders' vested interest in his employee contribution account in the Atkinson Retirement Stock Plan cash investment of Two Hundred One and 45/100 ($201.45) Dollars less the debt-

---

**2.** O.C.G.A. § 44–13–100(a)(2)(E) provides:

(2) The debtor's right to receive:

(E) A payment under a pension, annuity or similar plan or contract on account of illness, disability, death, age or length of service, to the extent reasonably necessary for the support of the debtor and any dependent of the debtor; ...

or's available exemption of Five Thousand Four Hundred and No/100 ($5,400.00) Dollars. Further ORDERED that defendants turnover to the plaintiff/trustee Arnold G. Sanders' vested employee contributions in the Atkinson Retirement Stock Plan consisting of 363 shares of stock in Guy F. Atkinson Company of California. Judgment shall further provide for interest from the date of this order at the rate provided by law.