**In re Michael and Sharon KINCAID, Debtors,**

**Ronald A. WATSON, Trustee, Plaintiff/Appellee,**

v.

**Sharon KINCAID and John Hancock Mutual Life Ins. Co., a foreign corporation, and John Hancock Mutual Life Ins. Co., Administrator, Defendants/Appellants.**

**BAP No. OR–88–1001 JMoAs. Bankruptcy No. 385–05403.**

United States Bankruptcy Appellate Panel of the Ninth Circuit.

Argued and Submitted May 19, 1988.

Decided March 16, 1989.

Herbert H. Anderson, Spears, Lubersky, Campbell, Bledsoe, Anderson & Young, Portland, Or., for defendants/appellants.

Ronald A. Watson, Portland, Or., for plaintiff/appellee.

Before JONES, MOOREMAN and ASHLAND, Bankruptcy Judges.

## OPINION

JONES, Bankruptcy Judge:

John Hancock Mutual Life Insurance Company appeals a bankruptcy court order requiring it to turnover to the estate $2,375.70 held by it in its capacity as administrator of the Debtor's ERISA plan.

## FACTS

The Debtors, Sharon and Michael Kincaid, filed a bankruptcy petition on December 26, 1985. At the time of the filing, Sharon Kincaid was an employee of the Appellant, John Hancock Mutual Life Insurance Company ("John Hancock"), and a participant in the Deferred Salary Plan (the "Plan") administered by John Hancock. The Plan is qualified pursuant to the Employment Retirement Income Security Act of 1984, (ERISA), 29 U.S.C. §§ 1001 *et seq.*, and also complies with the provisions of Internal Revenue Code §§ 401(a)(13) and 401(k). The Plan is commonly known as a 401(k) savings plan.

In accordance with ERISA and Internal Revenue Code requirements, the Plan contains the following provision restricting the alienation or assignment of the employee's interest:

> No Participant or Beneficiary shall have the right to alienate or assign his interest under this plan.... No such interest shall otherwise be subject to attachment, execution, garnishment, or other equitable or legal process. The Company shall take whatever action may be necessary to preserve such interest for the benefit of such Participant or Beneficiary.

John Hancock is fiduciary and administrator of the Plan. Distributions can be made only upon retirement, attainment of age 59 and ½, disability, death or termination of service. Withdrawals can be made only upon a showing of hardship which is defined under the Plan as "immediate and heavy financial need (such as the purchase of a primary residence, educational needs of a Participant or his dependants or extraordinary medical expenses of a Participant or members of his immediate family)

of a Participant or his dependants." The Plan further provides that it is to be governed by the laws of Massachusetts except as otherwise provided by ERISA.

The Plan is funded by three types of contributions: 1) voluntary employee salary deferrals ("basic contributions") equal to two percent of compensation; 2) voluntary employee supplemental contributions ("supplemental contributions") not to exceed eight percent of compensation; and 3) matching contributions made by the employer equal to one-half of the basic contributions made by the employee ("matching contributions"). On the date the petition was filed, Sharon Kincaid had $3,211.73 in the Plan, comprised of basic contributions of $1,691.74, supplemental contributions of $683.96, and matching contributions of $836.03.

In the bankruptcy schedules, the Debtors claimed Sharon Kincaid's interest in the Plan as exempt. The bankruptcy trustee objected to the claim of exemption, and the Debtors' attorney requested a hearing on the matter. A hearing was held on July 14, 1986, but the Debtors' attorney did not appear. On July 21, 1986, the bankruptcy court entered an order sustaining the trustee's objection to the debtors' exemption, finding that the 401(k) account was an asset of the estate.

On June 19, 1987, the trustee filed an adversary proceeding against John Hancock for the turnover of the funds held in the account. The complaint sought the turnover of the Debtors' basic and supplemental contributions totaling $2,375.70; it did not seek the matching contributions of John Hancock. The trustee argued that the money held in the Plan was property of the estate by virtue of 11 U.S.C. § 541(a)(1), which provides that all property in which the debtor has a legal or equitable interest is included in the bankruptcy estate. John Hancock opposed the complaint, arguing, *inter alia*, that pursuant to § 541(c)(2) the money was not property of the estate because the Plan contains a provision restricting transfer of the Debtors' interest in the Plan that is enforceable under applicable nonbankruptcy law.

After a hearing, the bankruptcy court concluded that because the amounts sought by the trustee had been voluntarily contributed by the Debtor, the Plan was not a valid spendthrift trust under state law and, therefore, it was an asset of the estate under Bankruptcy Code § 541(a)(1). John Hancock appealed.

## DISCUSSION

### a. The bankruptcy court's jurisdiction.

On appeal, John Hancock first argues that the bankruptcy court lacked jurisdiction over this matter because 29 U.S.C. § 1132(e)(1) gives a federal district court exclusive jurisdiction over certain ERISA-related proceedings. That section provides:

Except for actions under subsection (a)(1)(B) of this section, the district courts of the United States shall have exclusive jurisdiction of civil actions under this subchapter brought by the Secretary or a participant, beneficiary, or fiduciary. State courts of competent jurisdiction and district courts of the United States shall have concurrent jurisdiction of actions under subsection (a)(1)(B) of this section.

29 U.S.C. § 1132(e)(1). Subsection (a)(1)(B) provides:

A civil action may be brought -
(1) by a participant or beneficiary -

.    .    .    .    .

(B) to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan.

29 U.S.C. § 1132(a)(1)(B).

John Hancock argues that because this is not an action to recover benefits or to enforce or clarify the Debtor's rights under the Plan, the district court has exclusive jurisdiction over this action. We find this argument unpersuasive. In our view, John Hancock mischaracterizes the nature of this proceeding. The present action is a proceeding for turnover of property of the estate which is a "core" proceeding pursuant to 28 U.S.C. § 157(b)(2)(E). It requires a determination of whether the funds in the

ERISA plan are property of the estate within the meaning of 11 U.S.C. §§ 541(a)(1) and (c)(2). A bankruptcy court is clearly empowered to enter orders that are necessary to carry out the provisions of the Bankruptcy Code, including orders requiring turnover of property of the estate. 28 U.S.C. § 157(b)(2)(E). Moreover, 29 U.S.C. § 1144(d) expressly prohibits ERISA's impairment of other federal laws:

Nothing in this title shall be construed to alter, amend, modify, invalidate, impair or supercede any law of the United States ... or any rule or regulation issued under any such law.

29 U.S.C. § 1144(d). Accordingly, courts have held that ERISA should not be construed so as to preempt other federal laws. *See, e.g., In re Bastian,* 45 B.R. 717, 718 (Bankr.W.D.N.Y.1986) and cases cited therein.

In *In re Cott Corporation,* 26 B.R. 332 (Bankr.D.Conn.1982) the debtor corporation had failed to make required contributions to a multi-employer pension plan. The sponsor of the plan attempted to collect the amounts owed and the debtor brought an action in bankruptcy court to enjoin the collection efforts. The sponsor argued that the bankruptcy court lacked jurisdiction over the matter because Congress in ERISA granted complete and exclusive jurisdiction over such actions to an arbitration process contained in 29 U.S.C. § 1401. The bankruptcy court rejected this argument, noting that nothing in the ERISA legislation "purports to deny a bankruptcy court its fundamental function of determining the validity of claims against the estate." *Cott,* 26 B.R. at 335. In our view, determining the nature and extent of property of the estate is also a fundamental function of a bankruptcy court. Thus, the *Cott* analysis is applicable to this case. *See also In re Braniff Airways,* 22 B.R. 1005, 1008 (Bankr.N.D.Tex.1982) (despite provisions of 29 U.S.C. § 1132, bankruptcy court had jurisdiction over claims involving debtor's pension plans where all plans were scheduled creditors of debtor, effect of any decision regarding plans would have financial impact on debtor, and there was need for immediate resolution of those matters in

order to facilitate any plan for reorganization); *Bastian,* 45 B.R. at 718–719 (debtor-in-possession may reject a pension plan under 11 U.S.C. § 365, despite ERISA provision giving district court exclusive jurisdiction over proceedings to terminate pension plans).

Proceedings to determine the nature and extent of property of the estate are fundamental to the administration of a bankruptcy case. Proceedings to turnover property of the estate are "core" within the meaning of 28 U.S.C. § 157(b)(2)(E). We will not read 29 U.S.C. § 1132 to deprive a bankruptcy court of its jurisdiction over such matters, especially in light of, 29 U.S.C. § 1144(d) which expressly prohibits ERISA's impairment of other federal laws. Accordingly, John Hancock's argument that the bankruptcy court lacked jurisdiction over this proceeding is without merit.

b. *Whether the Debtors' interest in the Plan is property of the estate pursuant to 11 U.S.C. § 541(a)(1).*

Under Bankruptcy Code § 541(a)(1), all property in which the debtor has a legal or equitable interest is included in the bankruptcy estate. Section 541(c)(2), however, excludes from the estate interests of the debtor that contain "a restriction on the transfer of a beneficial interest of the debtor in a trust that is enforceable under applicable nonbankruptcy law." The reference to "applicable nonbankruptcy law" in subsection (c)(2) has been interpreted as applying *only* to state spendthrift trust law. *In re Daniel,* 771 F.2d 1352, 1360 (9th Cir.1985); *In re Lichstrahl,* 750 F.2d 1488, 1489–90 (11th Cir.1985); *In re Graham,* 726 F.2d 1268 (8th Cir.1984); *In re Goff,* 706 F.2d 574 (5th Cir.1983). Accordingly, ERISA-qualified pension plans containing anti-alienation provisions are excluded pursuant to § 541(c)(2) only if they are enforceable under state law as spendthrift trusts. *Daniel,* 771 F.2d at 1360 (quoting *Lichstrahl,* 750 F.2d at 1489–90).

John Hancock argues that *Daniel* has been overruled by *Pilot Life Insurance Co. v. Dedeaux,* 481 U.S. 41, 107 S.Ct. 1549,

95 L.Ed.2d 39 (1987). In *Pilot Life* the United States Supreme Court held that courts should broadly construe 29 U.S.C. § 1144(a) which provides that ERISA preempts "any and all state laws insofar as they may now or hereafter relate to any employee benefit plan." *Id.* 107 S.Ct. at 1553. John Hancock contends that because state spendthrift trust law "relates to" employee benefit plans, it is preempted by 29 U.S.C. § 1144(a). We disagree.

While it is true that 29 U.S.C. § 1144(a) provides that ERISA overrides state law, John Hancock fails to note that pursuant to 29 U.S.C. § 1144(d) Congress also provided that ERISA does not "alter, amend, modify, invalidate, impair, or supersede any law of the United States ..." In our view, examination of an ERISA plan under state spendthrift trust law as mandated by 11 U.S.C. § 541(c)(2) is not an application of state law to an ERISA plan, but rather the application of federal bankruptcy law to an ERISA plan. *See Goff,* 706 F.2d at 586–587; *In re Hysick,* 90 B.R. 770, 774 (Bankr. E.D.Pa.1988); *In re Pettit,* 61 B.R. 341, 345 (Bankr.W.D.Wash.1986); *In re Ridenour,* 45 B.R. 72, 77–78 (Bankr.E.D.Tenn.1984). We agree with the statement of the Fifth Circuit in *Goff:*

> [T]he Bankruptcy Code was, generally, intended to broaden the 'property of the estate' available to creditors in bankruptcy and, specifically, intended to limit any exemption of pension funds. These policy-based provisions of the Code would be frustrated were ERISA's anti-alienation and assignment provisions applied with a sweeping brush. Thus, ERISA's specific provision precluding interference with the operation of federal law renders the Bankruptcy Code effective over any ERISA provisions to the contrary.

706 F.2d at 587. Section 541(c)'s mandated examination of an ERISA plan under state spendthrift trust law involves the application of bankruptcy law to an ERISA plan and, thus, is not prohibited by 29 U.S.C. § 1144(a). Accordingly, it is not relevant to our inquiry that *Pilot Life* advocates a broad reading of § 1144(a).

■ The next question before us is whether Oregon or Massachusetts spendthrift trust law should be applied in this case. Although the Debtors are residents of Oregon and filed their bankruptcy case there, the Plan states that Massachusetts law governs the provisions of the Plan. As a general rule, the law of the state chosen by the parties to govern their contractual rights and duties will be applied unless either:

> (1) the chosen state has no substantial relationship to the parties or the transaction and there is no other reasonable basis for the parties choice, or

> (2) application of the law of the chosen state would be contrary to a fundamental policy of a state which has a materially greater interest than the chosen state in the determination of a particular issue and which ... would be the state of the applicable law in the absence of an effective choice of law by the parties.

Restatement (Second) of Conflict of Laws, § 187(2) (1980). In this case, an argument can be made that Massachusetts has no substantial relationship to the parties or transaction, and that Oregon has a materially greater interest than does Massachusetts in the determination of whether the subject property is property of the estate. However, it appears that under the law of either state, the Debtors' interest in the Plan would not be considered a valid spendthrift trust. Therefore, resolution of the choice of law question is not imperative.

"Trusts in which the interest of a beneficiary cannot be assigned by him or reached by his creditors have come to be known as spendthrift trusts." IIA, Scott, *The Law of Trusts,* § 151 at 83 (4th Ed.1987). As a general matter, spendthrift trusts are recognized as valid and enforceable under both Oregon and Massachusetts law. *See Mattison v. Mattison,* 53 Or. 254, 100 P. 4 (1909); *Pemberton v. Pemberton,* 9 Mass. App.Ct. 809; 411 N.E.2d 1303 (1980). However, even in jurisdictions in which spendthrift trusts are enforceable, it is well established that a settlor cannot create a spendthrift trust for his own benefit. *The Law of Trusts,* § 156 at 155; Restatement (Second) of Trusts § 156 (1959). "It is

against public policy to permit the owner of property to create for his own benefit an interest in that property that cannot be reached by his creditors." *The Law of Trusts*, § 156 at 158. Self-settled trusts are unenforceable under both Oregon and Massachusetts law. *See Johnson v. Commercial Bank*, 284 Or. 675, 588 P.2d 1096 (1978); *In re Cates*, 73 B.R. 874, 875 (Bankr.D.Or.1987); *Merchant's Nat'l Bank of New Bedford v. Morrisey*, 329 Mass. 601, 109 N.E.2d 821 (1953); *Pacific Nat'l Bank v. Windram*, 133 Mass. 175 (1882); *Jackson v. Von Zedlitz*, 136 Mass. 342 (1884).

As noted, the trustee in the instant case sought the turnover of only the basic and supplemental contributions and not the matching contributions of John Hancock. Below John Hancock argued that the Plan is not self-settled, but rather employer-created and employer-controlled and is, therefore, a valid spendthrift trust under state law. The bankruptcy court rejected this argument, holding that a plan funded by voluntary salary deferrals is self-settled even though the trust mechanism is established by the employer.

On appeal, John Hancock argues that the bankruptcy court erred in holding that the Plan is not a valid spendthrift trust. We disagree. In light of the strong common law prohibition against self-settled spendthrift trusts, courts have overwhelmingly held that a debtor's *voluntary* contributions to a plan or trust are property of the estate. *See, e.g., In re Sanders*, 89 B.R. 266, 270 (Bankr.S.D.Ga.1988) (to extent that debtor's contributions make up corpus of trust, he is settlor of trust); *In re Swanson*, 79 B.R. 422, 426 (Bankr.D.Minn.1987) (emphasizing the importance of distinguishing between employer's and employee's contributions to trust); *Cates*, 73 B.R. at 876 (plan funded by voluntary salary deferrals is self-settled); *In re Monahan*, 68 B.R. 997, 1000 (Bankr.S.D.Fla.1987) (only

funds voluntarily contributed by debtor are property of estate); *In re Wallace*, 66 B.R. 834, 841 (Bankr.E.D.Mo.1986) (voluntary contributions to trust defeat its spendthrift characteristics); *Pettit*, 61 B.R. at 346 (plan not spendthrift trust where funded mainly by debtor and may be invaded by debtor); *In re Bernat*, 34 B.R. 515, 517 (Bankr.N.D. Ind.1983) (employer's contributions to plan excluded but employee's own funds were property of the estate); *In re Werner*, 31 B.R. 418, 421 (Bankr.D.Minn.1983).

The fact that John Hancock established and designed the trust in this case does not make John Hancock the settlor of the trust. As noted by the court in *Cates*, "[o]ne who furnishes the consideration (res) necessary for the creation of the trust is the settlor of the trust." *Id.* 73 B.R. at 876 (quoting Bogert, *The Law of Trusts and Trustees*, § 41, pp. 428–429 (Rev.2d Ed.1984)). The critical factor is not whether a debtor designs the specifics of a particular plan, but whether he chooses to participate, thereby adopting the plan as his own. *Sanders*, 89 B.R. at 270. To the extent that the Debtor in the instant case voluntarily contributed to the corpus of the Plan, she is the settlor of the Plan and the Plan is invalid under either Oregon or Massachussetts law. Accordingly, we affirm the bankruptcy court's holding that the $2,375.70 voluntarily contributed by the Debtor to the Plan is property of the estate pursuant to 11 U.S. C. § 541(a).

c. *Whether the Debtor's interest in the Plan is exempt pursuant to a recent amendment to Oregon law.*

■ John Hancock next argues that even if the money in the Plan is property of the estate pursuant to § 541(c)(2), the money is nevertheless beyond the reach of creditors because a recent amendment to Oregon law renders funds in a 401(k) savings account exempt from execution by creditors.[1]

---

1. Even if Massachusetts spendthrift trust law does apply as to the validity of the trust, Oregon law is applicable with regard to the determination of whether the property is exempt. As a general rule, "exemption laws of the forum apply, even if they differ materially from exemp-

tion rights under the law of the place where the contract was made or to be performed or where the cause of action arose." 31 Am.Jur.2d *Exemptions*, § 14 at 342 (1967). Here, the Debtors reside in Oregon and they filed their petition in

Prior to September, 1987, the relevant Oregon exemption statute, ORS 23.170, provided in relevant part:

All pensions granted to any person in recognition by reason of a period of employment by or service for the government of the United States, or any state, or political subdivision of any state, or any municipality, person, partnership, association or corporation, shall be exempt from execution and all other process. . . .

ORS 21.170. This provision was interpreted by the courts as not exempting pension plans established by a person for his or her own benefit. *See Hebert v. Fliegel,* 813 F.2d 999, 1000 (9th Cir.1987) and cases cited therein. Thus, it was held that neither Keogh Plans, nor individual retirement accounts were exempt from execution by creditors. *See Hebert,* 813 F.2d at 1002 (KEOGH Plans); *In re Mendenhall,* 4 B.R. 127, 131 (Bankr.D.Or.1980) (IRA's).

ORS 23.170 was revised in 1987. Current section 23.170 provides:

*Pensions and certain individual retirement account funds exempted without necessity for claim; exception for certain orders.* The following shall be exempt, effective without necessity of claim thereof, from execution and all other process, mesne or final, except executions or other process arising out of a support obligation or an order or notice entered or issued pursuant to ORS 25.-050, 25.060, 25.310, 25.350, 25.360, 416.-445 or 419.515:

. . . .

(2) Funds in an individual retirement account described in section 408(a) of the federal Internal Revenue Code or in a trust forming part of a plan described in section 401(c) or 401(k) of the federal Internal Revenue Code and that have been in the account or trust for more than one year. Funds referred to in this subsection are subject to remaining exempt as provided in ORS 23.166 only when they have been deposited in a bank account as so provided for more than one year.

ORS 23.170. Thus, under current Oregon law, the Debtor's interest in her 401(k) Plan is arguably exempt even though it was established by the Debtor for her own benefit. .

John Hancock argues that ORS 23.170, as amended, should be applied retroactively and, therefore, the money in the Plan is beyond the reach of creditors. For two reasons, this argument must fail. First, on July 21, 1986, the bankruptcy court entered an order sustaining the trustee's objection to the Debtors' claim of exemption, finding that the 401(k) account was an asset of the estate.[2] No appeal was taken from this order. In our view, because the order was not appealed, we are precluded from reviewing it at this time.

More importantly, however, we do not believe that current ORS 23.170 should be applied retroactively. As noted, the amendment to the section became effective on September 27, 1987, twenty-one months after the petition was filed and fourteen months after the bankruptcy court's ruling that the property was not exempt. John Hancock, citing 31 Am.Jur.2d, *Exemptions,* § 2 at 330, argues that "the existence of an exemption is to be determined by the conditions which exist at the time when the privilege is claimed—that is, at the time the property is sought to be subjected to legal process." John Hancock claims that because the property is currently being pursued by the trustee, the exemption laws of Oregon presently in effect should be applied. We disagree. In the bankruptcy context, exemptions are determined as of the date of the filing of the petition. 11 U.S.C. § 522(b)(2)(A) provides in relevant part:

(b) Notwithstanding section 541 of this title, an individual debtor may exempt from property of the estate property listed in either paragraph (1), or, in the

---

Oregon. Thus, Oregon exemption law is applicable. The parties do not contend otherwise.

**2.** The record does not disclose the basis for the court's decision that the property was not ex-

empt. Presumably, however, the basis for the decision was that former ORS 23.170 did not apply to trusts created by a person for his or her own benefit.

alternative, paragraph (2) of this subsection....

> (2)(A) any property that is exempt under federal law, other than subsection (d) of this section, *or State or local law that is applicable on the date of the filing of the petition* at the place in which the debtor's domicile has been located for the 180 days immediately preceeding the filing of the petition, or for a longer portion of such 180–day period than in any other place;
>
> ....

11 U.S.C. § 522(b)(2)(A) (emphasis added). Thus, the Code expressly requires that the law in effect on the date of the petition be applied to determine whether property is exempt. *See In re Williamson*, 804 F.2d 1355 (5th Cir.1986). *See also Sanders*, 89 B.R. at 272 (exemptions available to debtors are those available under applicable law at time of filing); *In re Sivley*, 14 B.R. 905, 910 (Bankr.E.D.Tenn.1981) (general rule is that the debtor's exemptions are determined as of the time of filing).

Because current ORS 23.170 was not in effect on the date the petition was filed, we reject John Hancock's argument that it should be applied at this time.

### CONCLUSION

The bankruptcy court had jurisdiction to determine whether the funds in the Plan were property of the estate. Whether Oregon or Massachusetts law is applied, the Debtor's interest in the Plan is not an enforceable spendthrift trust. Moreover, the fact that the Bankruptcy Code incorporates state law to determine whether certain interests are property of the estate does not mean that state law has been allowed to preempt the provisions of ERISA. Finally, John Hancock's argument that the property is exempt under current Oregon law must fail because: 1) this issue has been ruled on by the bankruptcy court and that order was not appealed; and 2) the Code provides that exemption laws in effect on the date of the filing of the petition are to be applied.

Accordingly, we AFFIRM the decision of the bankruptcy court.